# EXHIBIT "A"



**Service of Process Transmittal**
08/09/2013
CT Log Number 523278478

TO: Michael Bahner
Resurgent Capital Services L.P.
55 Beattie Place, Suite 110, Mail Stop 425
Greenville, SC 29601

RE: **Process Served in Delaware**

FOR: LVNV Funding, LLC (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Chongyim L. Guidry, Pltf. vs. LVNV Funding, LLC, Dft. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Fulton County State Court, GA<br>Case # 13VS198314A |
| NATURE OF ACTION: | Violation of the Fair Debt Collection Practices Act - Defendant has not provided an executed copy of the consumer cardmember agreement at issue to plaintiff or to the State Court of Gwinnett County, despite the sole cause of action in the state action being for "breach of contract." |
| ON WHOM PROCESS WAS SERVED: | The Corporation Trust Company, Wilmington, DE |
| DATE AND HOUR OF SERVICE: | By Process Server on 08/09/2013 at 12:00 |
| JURISDICTION SERVED: | Delaware |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Chuck M. Douglas<br>2002 Summit Boulevard - Suite 300<br>Atlanta, GA 30319<br>404-566-2320 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 08/09/2013, Expected Purge Date: 08/14/2013<br>Image SOP<br>Email Notification, administrative resurgent ctservice@resurgent.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | The Corporation Trust Company<br>Melanie McGrath<br>1209 Orange Street<br>Wilmington, DE 19801<br>302-658-7581 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

13VS198314A

DO NOT WRITE IN THIS SPACE

COPY
GEORGIA
FULTON COUNTY

STATE COURT OF FULTON COUNTY
(Civil Division)

Chongyim Guidry
_____
_____
(Plaintiff's Name and Address)
vs.

LVNV Funding, LLC
1209 Orange St.
Wilmington, DE 19801
(Defendant's Name and Address)

FILED IN OFFICE
2013 JUN 28

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| ☐ Account | Principal $ |
| ☐ Contract | |
| ☐ Note | Interest $ |
| ☒ Tort | |
| ☐ Trover | Atty. Fees $ |
| ☐ Special Lien | |
| ☐ Foreign Judgment | Ct. Costs $ |
| ☐ Personal Injury | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT: LVNV Funding, LLC

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Chuck M. Douglas
(Name)
2002 Summit Boulevard - Suite 300, Atlanta, GA 30319
(Address)
(404) 566-2320
(Phone No.)

an answer to the complaint which is herewith served on you, within (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action.
This _____                                       6/28/2013
                                                                      Deputy Clerk

DEFENSE MAY BE MADE, AND JURY TRIAL DEMANDED, if desired, in the Clerk's Office at TG100, 185 Central Avenue, SW, (Between MLK, Jr. Drive and Mitchell Street), Atlanta, Georgia 30303.

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the **DEFENDANT'S ANSWER MUST BE SWORN TO.**

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00 and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn Answer setting up the facts relied on as a defense.

SERVED: This _____ day of _____, 20____.

DEPUTY MARSHAL STATE COURT OF FULTON COUNTY

(Staple to front of SERVICE COPY of complaint)

14-014-1094



IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CHONGYIM L. GUIDRY, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION |
| LVNV FUNDING, LLC, | ) FILE NO. 13VS198314A |
| Defendant. | ) |

COPY

FILED IN OFFICE 2013 JUN 28 PM 3:37

## COMPLAINT

COMES NOW Plaintiff CHONGYIM L. GUIDRY ("Plaintiff") and files this his Complaint against the Defendant LVNV FUNDING, LLC ("Defendant" and/or "LVNV"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. Defendant LVNV is a Delaware formed business entity operating in Georgia as a foreign Limited Liability Company. Defendant LVNV engages in the business of collecting debts in Fulton County, Georgia. Service of Summons and a copy of this Complaint may be served upon LVNV's Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Defendant LVNV is subject to the venue and jurisdiction of this Court.

2. This Court has jurisdiction over all parties and matters in this action, and venue properly rests in Fulton County, Georgia.

## NATURE OF THE ACTION

3. This action arises out of the facts and circumstances surrounding the collection of a consumer debt.

4. LVNV is a "debt collector" as defined by the FDCPA under 15 U.S.C. §1692a(6).

5. Plaintiff is a natural person and resident of the State of Georgia, County of Gwinnett, and City of Snellville.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and violations of the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 et seq.

## STATUTORY STRUCTURE

8. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. §1692.

9. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

10. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal,

-2-

family, or household purposes. 15 U.S.C. §1692a(5).

11. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. §1692a(6).

12. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court, and costs of the action brought for relief from the failure to comply. 15 U.S.C. §1692k.

13. The FBPA was passed to protect consumers from unfair or deceptive practices in Georgia. The FBPA shall be liberally construed and applied to promote its underlying purposes and policies, and to grant relief and protection to consumers from unfair or deceptive practices. The FBPA shall be interpreted and construed consistently with interpretations given by the Federal Trade Commission. O.C.G.A. § 10-1-390 et seq.

14. Any violation of the FDCPA is also construed as a violation of the Federal Trade Commission Act ("the FTC Act"), in accordance with 15 U.S.C. § 1692 et seq., as an "unfair or deceptive act or practice" in violation thereof.

15. Correspondingly, any unfair or deceptive practice amounts to a direct violation of the FBPA, whereby any unfair or deceptive practice shall be construed and interpreted to be in contravention to the FBPA, upon reliance and consistency with the FTC Act. Any debt collector who fails to comply with the provisions of the FBPA is liable for the trebling of actual and statutory damages incurred as a result of intentional

-3-

violation of the FDCPA, in accordance with the FBPA. O.C.G.A. § 10-1-399(c).

## FACTUAL ALLEGATIONS

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Allegedly on March 10, 2011, Chase Bank, N.A., either directly or through intermediate transactions, assigned, placed, transferred, or sold an alleged defaulted consumer debt, allegedly owed by Plaintiff, to Defendant LVNV for collection (the "Alleged Debt").

18. The Alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

19. Upon information and belief, the Alleged Debt that Defendants attempted to collect from Plaintiff arose out of transactions that were incurred primarily for personal, family, or household purposes.

20. Upon information and belief, at some time during the past year prior to the filing of this action, Defendants began attempts at collecting the Alleged Debt from Plaintiff.

21. On February 22, 2013, Defendant LVNV filed suit against Plaintiff in the State Court of Gwinnett County, under the following: LVNV Funding LLC as assignee of Chase Bank USA, N.A. v. Chongyim L. Guidry, Civil Action File No. 13C012363 (the "State Action") in an attempt to further collect the Alleged Debt.

22. In support of Defendant's representations regarding the character and legal status of the Alleged Debt, Defendant attached an account summary prepared by Defendant LVNV to the Complaint in the State Action. The account summary states that

- 4 -

(1) Chase Bank USA, N.A. is the original owner and LVNV Funding LLC is the current owner of the Alleged Debt, (2) LVNV Funding, LLC acquired the Alleged Debt on March 10, 2011, and (3) Plaintiff owes Defendant LVNV a total of $19,386.49, consisting of $19,180.49 in principal and $206.00 in miscellaneous costs.

23. Notwithstanding, Defendant failed to attach evidence documenting the alleged sale or assignment of the Alleged Debt from Chase Bank USA, N.A. to Defendant LVNV.

24. Upon information and belief, the Alleged Debt was not assigned to, or acquired by, Defendant LVNV as purported by the account summary document. Accordingly, the account summary attached to Defendants' Complaint in the State Action is false, deceptive, or misleading, and unfair or unconscionable, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1) as it falsely purports to show the assignment, sale, or transfer of the ownership interests in, or receivables interests to, the Alleged Debt from CHASE BANK USA, N.A. to Defendant LVNV.

25. Moreover, upon information and belief and as of the date of the alleged acquisition/assignment, CHASE BANK USA, N.A. was not the legal entity holding ownership or receivables interests in the Alleged Debt, as purported by the account summary document. Accordingly, the account summary attached to Defendants' Complaint in the State Action is false, deceptive, or misleading, and unfair or unconscionable, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1) as it falsely purports to show the assignment, sale, or transfer of the ownership interests in, or receivables interests to, the Alleged Debt from CHASE BANK USA, N.A. to Defendant LVNV.

26. Defendant's Complaint in the State Action states "[Plaintiff] breached the contract by failing to pay as agreed."

27. The requirements for a valid and enforceable contract under Georgia law are found at O.C.G.A. § 13-3-1, which provides: "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."

28. In the context of a credit card contract, proving a defendant's assent to the terms of the contract at issue is problematic because credit card contracts are often not signed by the parties, the contracts go through numerous revisions and changes, the contracts are made of multiple documents issued in many instances over a course of years, and in many cases, part or all of these documents have been lost or destroyed, leaving questions of fact regarding their exact terms and whether those terms were ever received or reviewed by the cardholder.

29. In Davis v. Discover Bank, 277 Ga.App. 864, (2006), the Court of Appeals stated that "Discover submitted evidence that the credit card was issued to Davis in 1986 along with a document that provided he was bound by the document's terms if he accepted and used the card. Discover also properly submitted as business records a complete set of statements in Davis's name that were not returned to the company as undelivered." This holding recognizes the requirement that the assent of the cardholder to the terms and conditions of the card agreement must be proved before an enforceable contract is formed. The failure to prove the defendant's assent to all terms of the contract is fatal to an assertion of alleged breach of that contract. *See also* O.C.G.A. § 13-3-2,

- 6 -

which states that "The consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition."

30. In addition to the requirements imposed by State law for the formation of a contract in general, federal laws and regulations impose additional legal requirements on those seeking to enforce an open ended revolving credit account, particularly where the debt at issue is Consumer Debt, as defined by 15 USC § 1602(i). In order for a credit card account to be valid and enforceable under federal law, it can only be issued pursuant to a request by the cardholder or pursuant to an application for credit by the cardholder to the creditor. *See* 15 USC § 1642(a), which states, "No credit card shall be issued except in response to a request or application therefore. This prohibition does not apply to the issuance of a credit card in renewal of, or in substitution for, an accepted credit card." Where the facts and circumstances regarding the opening of the credit card account are in dispute, and are not proved by the plaintiff, a prima facie valid and enforceable credit card contract has not been proved.

31. Here, Defendant did not attach an executed copy of the consumer cardmember agreement at issue to the Complaint in the State Action.

32. To date, Defendant has not provided an executed copy of the consumer cardmember agreement at issue to Plaintiff.

33. Defendant has not provided an executed copy of the consumer cardmember agreement at issue to Plaintiff or to the State Court of Gwinnett County, despite the sole cause of action in the state action being for "breach of contract."

34. Defendant's Complaint in the State Action states that "[Defendant

- 7 -

LVNV], has been assigned full right and title to the account at issue herein." and "[Plaintiff] owes [Defendant LVNV] the princip[al] sum of $19,386.49."

35. Said statements by Defendant are false, deceptive, or misleading, and unfair or unconscionable, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692f, as (1) Defendants, upon information and belief, are not in possession of the credit card agreement of which its debt collection efforts are based, and (2) the total principal sum stated in the Complaint in State Action differs from the total principal sum stated in the account summary attached to the Complaint in the State Action.

36. As stated above, the Complaint in State Action seeks a principal sum allegedly due of $19,386.49. The total of $19,386.49, allegedly consists of $19,180.49 in principal and $206.00 in miscellaneous costs.

37. The FDCPA prohibits "[t]he collection of any amount . . . unless such amount is *expressly authorized by the agreement creating the debt or permitted by law.*" 15 U.S.C.§ 1692f(1) (emphasis added).

38. Defendant's Complaint in the State Action is false, deceptive, or misleading, and unfair or unconscionable, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) as Defendant failed to provide the actual credit card agreement granting Defendant the right to demand miscellaneous charges or any other charges, and Plaintiff has no right to demand such miscellaneous charges or other charges.

39. In violation of 15 U.S.C. §§1692d, 1692e, and 1692f, Defendant's false representation of the amount of the Alleged Debt caused Plaintiff undue fear and stress.

40. Defendant's actions, as described herein above, are unfair and deceptive.

- 8 -

41. As a result of Defendant's State Action Complaint, which falsely alleges a debt owed to LVNV, Plaintiff suffered an inordinate degree of embarrassment, fear, and emotional distress.

42. As a result of Defendant's actions and/or inactions, Plaintiff was made to feel like a criminal and dishonest, when in reality Defendant has acted in the above manner.

43. Due to Defendant's actions and/or inactions, as described herein above, Plaintiff is entitled to damages.

44. Plaintiff reserves the right to raise additional violations not specifically set forth hereinabove, but which are described in 15 U.S.C. § 1692, and which may be revealed through discovery.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection attempts, attempted and/or directed towards the Plaintiff, violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d;

   b. 15 U.S.C. §§ 1692f, 1692f(1); and

   b. 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10).

47. As a result of Defendant's violations of the various provisions of the FDCPA, Plaintiff is entitled to damages.

-9-

## SECOND CAUSE OF ACTION
## GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390 et seq.

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

51. Plaintiff is a "consumer" as the term is defined by O.C.G.A.§ 10-1-392(6).

52. Plaintiff incurred a debt as a result of engaging into "consumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

53. Defendant's unfair or deceptive acts to collect the Alleged Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

54. Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

55. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CHONGYIM L. GUIDRY demands judgment from the Defendant LVNV as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

    B.    For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

C. For attorneys' fees, costs and disbursements;

D. For damages, trebled, pursuant to O.C.G.A. § 10-1-399(c);

E. For an award of pre-judgment interest on all sums awarded and/or collected if so allowed by law or statute;

F. For punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff CHONGYIM L. GUIDRY hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Respectfully submitted this 28 day of June, 2013.

Chuck M. DOUGLAS
Georgia Bar No. 939932
Attorney for Plaintiff

2002 Summit Boulevard – Suite 300
Atlanta, GA 30319
(404) 566-2320 (Phone)
(866) 866-1232 (Facsimile)
cmdouglas@wd-law.net

- 11 -