IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHONGYIM L. GUIDRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| vs. | ) | 1:13-cv-02995-RLV-RGV |
| | ) | |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S ANSWER

COMES NOW, LVNV Funding, LLC, Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## THIRD DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Business Practices Act ("FBPA"), O.C.G.A.§ 10-1-390 et seq., was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error and that such error was not the result of the negligence of the maintenance of such procedures. Accordingly, Defendant would not have any liability pursuant to O.C.G.A. § 10-1-400.

## FOURTH DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

## FIFTH DEFENSE

Venue is improper in the State Court of Fulton County.

## SXITH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## SEVENTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

## JURISDICTION AND VENUE

1. Defendant admits it is a Delaware business entity.  Defendant admits it acquires unpaid accounts.  Defendant denies the remaining allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits this Court has personal jurisdiction over it.  Defendant denies that venue is proper in Fulton County, Georgia.

## NATURE OF THE ACTION

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits in certain circumstances it may be considered a debt collector under the FDCPA but it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that it is a debt collector for purposes of the instant lawsuit and Defendant therefore denies the remaining allegations.

5. Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits Plaintiff attempts to assert claims under the FDCPA and the FBPA.  Defendant denies Plaintiff is entitled to relief under those statutes.

## STATUTORY STRUCTURE

8. Defendant denies Plaintiff has accurately and completely quoted the FDCPA.

9. Defendant admits the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies Plaintiff has completely quoted the FDCPA.

11. Defendant denies Plaintiff has completely quoted the FDCPA.

12. Defendant denies Plaintiff has accurately and completely quoted the FDCPA.

13. Defendant denies Plaintiff has accurately and completely quoted the FBPA.

14. Defendant denies Plaintiff has accurately and completely quoted the law.

15. Defendant denies Plaintiff has accurately and completely quoted the law.

## FACTUAL ALLEGATIONS

16. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

17. Defendant admits on March 20, 2011 it acquired Plaintiff's unpaid account. Defendant admits the account was purchased from Chase Bank USA, N.A.

Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant admits it attached an account summary to the state court collection action.  Defendant admits the account summary states (1) Chase Bank USA, N.A. is the original owner and Defendant is the current owner of Plaintiff's unpaid account, (2) Defendant acquired Plaintiff's unpaid account on March 10, 2011, and (3) Plaintiff owes Defendant $19,386.49, consisting of $19,180.49 in principal and $206.00 in miscellaneous costs.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant admits it did not attach documents to the state court collection complaint showing ownership of the account.  Defendant denies it is obligated to attach such documents to the complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies Plaintiff has accurately and completely quoted the law.

28. Defendant denies Plaintiff has accurately and completely quoted the law.

29. Defendant denies Plaintiff has accurately and completely quoted the law.

30. Defendant denies Plaintiff has accurately and completely quoted the law.

31. Defendant admits the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37. Defendant denies Plaintiff has completely quoted the FDCPA.

38. Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

45. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

46. Defendant denies the allegations contained in Paragraph 46, including its subparts, of the Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
## GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390 et seq.

48. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

49. Plaintiff fails to provide a Paragraph 49.

50. Plaintiff fails to provide a Paragraph 50.

51. Defendant admits the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

56. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of September, 2013.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 203
Facsimile: (678) 253-1873
jaust@bedardlawgroup.com

jbedard@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHONGYIM L. GUIDRY, )<br>)<br>    Plaintiff, )<br>vs. )<br>)<br>LVNV FUNDING, LLC, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action File No.<br>1:13-cv-02995-RLV-RGV |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date I electronically filed Defendant's Answer with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Chuck M. Douglas
    cmdouglas@wd-law.net

    Respectfully submitted this 30th day of September, 2013.

                                                   **BEDARD LAW GROUP, P.C.**

                                                   /s/ Jonathan K. Aust
                                                   Jonathan K. Aust
                                                   Georgia Bar No. 448584
                                                   John H. Bedard, Jr.
                                                   Georgia Bar No. 043473